UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


LEON PERCIVAL,

    Plaintiff,

v.                                              Case No. 2:10-cv-109
                                                Honorable R. Allan Edgar
DENISE GERTH,

    Defendant.
_____/


**MEMORANDUM AND ORDER**

Plaintiff Leon Percival, a Michigan state prisoner in the custody of the Michigan Department of Corrections ("MDOC"), brings this federal civil rights action pursuant to 42 U.S.C. § 1983. He is incarcerated at the Marquette Branch Prison (MBP).

On June 8, 2010, the Clerk of the District Court received the Plaintiff's *pro se* complaint. [Doc. No. 1]. Accompanying it was the Plaintiff's motion for leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a) before the Defendant is served with process. [Doc. No. 1-2]. Plaintiff says that the fill-in-the-blanks form he used to make his original complaint does not accommodate his need to present "the numerous and complex issues and facts which articulate a pattern of conduct." Plaintiff submits a 37-page amended complaint and seeks to plead 49 causes of action.

The amended complaint avers that Defendant Denise Gerth, an employee of MDOC, is being sued in both her individual and official capacities. Defendant Gerth works at the Alger Maximum Correctional Facility and she is not located at MBP.

Plaintiff moved pursuant to 28 U.S.C. § 1915 for leave to proceed *in forma pauperis*. [Doc. No. 2]. Plaintiff contends that he should be allowed to proceed *in forma pauperis* under the

"imminent danger of serious physical injury" exception to the three-strikes rule in 28 U.S.C. § 1915(g). 28 U.S.C. § 1915(g) provides in pertinent part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court reviewed the Plaintiff's amended complaint together with his motion for leave to proceed *in forma pauperis* and supporting brief. [Doc. Nos. 2, 3]. On October 5, 2010, the Court issued an opinion and a separate order [Doc. Nos. 4, 5] denying the application for leave to proceed *in forma pauperis* because Plaintiff Percival is barred by the three-strikes rule in 28 U.S.C. § 1915(g). The Court ordered Plaintiff to pay the $350.00 civil action filing fee within 28 days, and warned Plaintiff that his action would be dismissed without prejudice if he fails to timely pay the filing fee. The Court notified Plaintiff that he is responsible for payment of the $350.00 filing fee even if his action is dismissed pursuant to the three-strikes rule in 28 U.S.C. § 1915(g). *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

More than 28 days have elapsed since the Court ordered Plaintiff to pay the $350.00 filing fee, and he has not timely paid it. Instead, Plaintiff Percival moves for reconsideration. [Doc. No. 6]. After reviewing the record and the applicable law, the Court concludes that the motion for reconsideration must be denied for the following reasons.

## I. Three Strikes Under 28 U.S.C. § 1915(g)

Plaintiff asserts that the Court in its opinion dated October 5, 2010 [Doc. No. 4] made an error by confusing him with another prisoner when listing his prior "strikes." On this particular

point, Plaintiff is correct. The inadvertent mistake of referring to a different prisoner is easily corrected, and this does not change the Court's analysis and ultimate decision on this matter.

Plaintiff Percival concedes that he has been an active litigant in the United States District Courts in Michigan. The federal courts in the Western and Eastern Districts of Michigan have previously dismissed at least three of his prior civil suits on the grounds of frivolousness or failure to state a claim upon which relief may be granted. *Percival v. Curtis*, No. 1:00-cv-849 (W.D. Mich.) (Opinion and Judgment Nov. 29, 2000); *Percival v. Palmer*, No. 1:99-cv-125 (W.D. Mich.) (Opinion and Judgment March 31, 1999); *Percival v. Williams*, 4:94-cv-40051 (E.D. Mich.) (Order March 21, 1994). Although the 1994 dismissal occurred before the enactment of the Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, 110 Stat. 1321 on April 26, 1996, the 1994 dismissal properly counts as a strike against Plaintiff Percival under 28 U.S.C. § 1915(g). *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998); *Littlejohn v. Tribley*, 2010 WL 3398903, * 2 (W.D. Mich. Aug. 26, 2010).

The Court finds that Plaintiff Percival has three strikes. Plaintiff has previously been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) in another case on the ground that he has three strikes. *Percival v. Williams*, No. 1:01-cv-145 (W.D. Mich.) (Memorandum Opinion and Order March 9, 2001).

II. **No Imminent Danger of Serious Physical Injury**

Plaintiff seeks to invoke the "imminent danger of serious physical injury" exception to the three-strikes rule in 28 U.S.C. § 1915(g). The Court finds that his factual allegations and supporting documents are insufficient to meet his burden of establishing that he is under an imminent danger of serious physical injury for purposes of applying § 1915(g).

3

The term "imminent" conveys the idea of immediacy. "Imminent" is "Near at hand ... impending; on the point of happening, threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant ... and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). *Green v. Curtin*, 2010 WL 4318915, * 2 (W.D. Mich. Oct. 22, 2010); *Burnett v. Caruso*, 2010 WL 3851782, * 2 (W.D. Mich. Sept. 27, 2010).

To meet the requirement of an imminent danger under 28 U.S.C. § 1915(g), the threat or prison condition must be real and proximate, and the danger of serious physical injury must exist at the time the plaintiff prisoner's complaint is filed or presented for filing. Plaintiff Percival's allegations that he faced danger in the past in 2009 are insufficient to invoke the imminent danger exception under the three-strikes rule. *Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008); *Green*, 2010 WL 4318915, at * 3; *Burnett*, 2010 WL 3851782, at * 2; *Littlejohn*, 2010 WL 3398903, at * 2.

The Court may also reject a prisoner's claim of imminent danger of serious physical injury when the allegations are conclusory, ridiculous, or clearly baseless. This Court is not required to accept and give credence to vague, conclusory allegations of imminent danger that lack sufficient facts and details. Fantastic or delusional allegations that are irrational or wholly incredible cannot make out a viable claim that a prisoner is under imminent danger of serious physical injury. *Rittner*, 290 Fed. Appx. 796, 797-98; *Ciarpaglini v. Saini*, 352 F.3d 328, 330-31 (7th Cir. 2003); *Green*, 2010 WL 4318915, at * 3; *Burnett*, 2010 WL 3851782, at * 2.

Plaintiff Percival's effort to show that he is under an imminent danger of serious physical injury is deficient in three ways. First, the majority of his allegations concern past incidents that

4

occurred in 2009 which are far too remote in time to be considered imminent. Second, the relevant allegations regarding his current situation in June, 2010, are too vague, conclusory, and lacking in sufficient details and probative proof to demonstrate that he is presently under a real and proximate danger of serious physical injury. Third, the fantastic or delusional allegations that Defendant Gerth is planning or conspiring to have prisoners at MBP murder or seriously injure Plaintiff Percival are so incredible, implausible, and irrational that they fail to make out a viable claim that Plaintiff is actually under imminent danger of serious physical injury at MBP.

Plaintiff alleges that after he was released from administrative segregation at MBP in April 2009, he was assaulted by an enemy, prisoner Barkley-Bey. Barkley-Bey "sucker punched" Plaintiff in the face causing him to suffer a swollen lip with lacerations, a loose tooth, and a sore jaw. The assault occurred in April or May 2009. This is the one and only time that Plaintiff contends he was assaulted and physically injured. Barkley-Bey was subsequently transferred out of MBP in 2009 and is not currently housed at MBP where Plaintiff is imprisoned. Because Barkley-Bey was transferred out of MBP in 2009, Plaintiff Percival is not in imminent danger of being physically attacked and injured again by his enemy, Barkley-Bey, while Plaintiff is housed at MBP.

Plaintiff cites *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998), but his reliance on *Ashley* is misplaced. The instant case is readily distinguishable from *Ashley*. In *Ashley*, a state prisoner brought a civil rights action under 42 U.S.C. § 1983 and the district court denied *in forma pauperis* status applying the three strikes rule in 28 U.S.C. § 1915(g). On appeal, the Eighth Circuit reversed holding that Ashley alleged sufficient facts to show that he was under imminent danger of serious physical injury and should be allowed to proceed *in forma pauperis* based on the exception to the three strikes rule in 28 U.S.C. § 1915(g). Prison officials repeatedly placed Ashley in proximity to

5

prisoners who were on his enemy alert list. Ashley was attacked on two separate occasions by a prisoner on his enemy alert list. Ashley was attacked once with a large sharpened screwdriver and once with a butcher knife. Ashley filed his complaint in federal district court very shortly after the second attack. Based on these circumstances, the Eight Circuit decided that Ashley had alleged an ongoing, present danger of serious physical injury. *Ashley*, 147 F.3d at 716-17.

Plaintiff Percival's case is distinguishable from *Ashley*. Plaintiff Percival did not file his complaint with this Court shortly after he was attacked by his enemy, prisoner Barkley-Bey. Plaintiff Percival was attacked by Barkley-Bey in May 2009, and Plaintiff filed his complaint more than one year later on June 8, 2010. Unlike the *Ashley* case, Plaintiff Percival is not currently in proximity to his attacker and enemy, prisoner Barkley-Bey. Prisoner Barkley-Bey was transferred out of MBP in 2009 and is not housed in MBP with Plaintiff Percival. The Eighth Circuit's decision in *Ashley*, 147 F.3d at 716-17, is inapposite.

Plaintiff alleges that in about May 2009, Barkley-Bey actively sought to recruit other prisoners at MBP to attack Plaintiff and stab him. Plaintiff asserts that in May 2009, Barkley-Bey requested MBP prisoner Eugene Posey-Bey to attack and stab Plaintiff Percival but Eugene Posey-Bey declined or refused to do so. Plaintiff submits a statement to this effect from prisoner Eugene Posey-Bey. [Doc. No. 1-4, pp. 86-89, Exhibit 46 to Plaintiff's Amended Complaint]. Plaintiff cannot show that he is under imminent danger of serious physical injury from Eugene Posey-Bey.

Plaintiff speculates and suspects that Barkley-Bey made other efforts in 2009 to recruit or persuade other prisoners at MBP to attack and attempt to kill Plaintiff but these plans were thwarted by guards at MBP. Plaintiff says that on one occasion another prisoner at MBP was arrested and disciplined for carrying a knife in a recreation yard in close proximity to Plaintiff. On a different

6

occasion a prisoner at MBP was arrested and disciplined for carrying a knife in the dining room (chow hall) where Plaintiff was located. Plaintiff does not state when these two incidents occurred, and the Court infers that this occurred sometime in 2009 which is too remote in time to constitute an imminent danger. Because Barkley-Bey is not currently housed at MBP, he is not in a position to exert significant pressure on other prisoners at MBP to assault or attempt to kill Plaintiff Percival. There are no facts showing that the knives in question were ever actually used to threaten or attempt to assault against Plaintiff. There are no facts showing a link and causal connection between these two incidents of MBP prisoners being caught carrying knives and any real, proximate danger to Plaintiff Percival in June 2010 when he filed his complaint with this Court. It is nothing more than rank speculation and conjecture by Plaintiff that the knives were intended to be used to harm him.

Plaintiff fails to present sufficient facts and probative proof to show that there is any connection between Defendant Gerth and these alleged incidents, i.e. Plaintiff being attacked by Barkley-Bey in May 2009 and incidents at MBP involving prisoners who may pose a threat to Plaintiff. Plaintiff makes conclusory allegations that Defendant Gerth has conspired with and provided assistance to Barkley-Bey and other prisoners to have Plaintiff attacked and/or killed. These allegations against Defendant Gerth are based on mere speculation and conjecture without adequate supporting facts and proof. Plaintiff cannot show any specific incidents where a prisoner at MBP has actually attempted to assault or attack him at the behest or direction of Defendant Gerth.

The fantastic or delusional allegations that Defendant Gerth is planning or conspiring to have prisoners at MBP murder or seriously injure Plaintiff Percival are so patently incredible, implausible, and irrational that they fail to make out a viable claim that Plaintiff is actually under imminent danger of serious physical injury at MBP. Defendant Gerth works at the Alger Maximum

7

Correctional Facility and she is not located at MBP. Although Plaintiff presents a myriad of convoluted allegations and reasons why he contends that Defendant Gerth would be motivated to cause serious physical injury to Plaintiff at MBP, the incredible allegations and reasons presented in the his amended complaint are so irrational, implausible, and illogical that they are unworthy of belief.

Prior to filing his complaint against Defendant Gerth, Plaintiff Percival knew that he would need to find a way to clear the hurdle of the three-strikes rule under 28 U.S.C. § 1915(g) if he wanted to be allowed to proceed *in forma pauperis*. In an effort to evade the three-strikes rule, Plaintiff conjures up a frivolous or false claim that he is under imminent danger of serious physical injury at MBP predicated on irrational, fantastic allegations against Defendant Gerth. This effort fails.

In sum, Plaintiff has not presented sufficient facts and probative proof to show that he is under imminent danger of serious physical injury at MBP. Plaintiff has not met his burden of showing that he is entitled to invoke the "imminent danger of serious physical injury" exception to the three-strikes rule under 28 U.S.C. § 1915(g).

### III. Conclusion

The motion for reconsideration [Doc. No. 6] is **DENIED**. Plaintiff Percival's amended complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff failed to comply with the order to pay the $350.00 filing fee within 28 days. [Doc. No. 5]. The obligation to pay the $350.00 filing fee arises at the time the civil complaint is filed with the Clerk of the District Court, and Plaintiff Percival remains liable for payment of the entire filing fee despite the dismissal of his amended complaint based on the three-strikes rule in 28 U.S.C. § 1915(g). *In re Alea*, 286 F.3d at 381.

Plaintiff Percival is in the custody of the Michigan Department of Corrections. The Michigan Department of Corrections shall collect the $350.00 civil action filing fee from Leon Percival's MDOC inmate or prisoner trust account as funds become available and remit said $350.00 to the Clerk of the United States District Court for the Western District of Michigan. The check or money order from MDOC shall be made payable to "Clerk, U.S. District Court" and shall indicate on it the case number for which the payment is being made, namely Case No. 2:10-cv-109.

For the same reasons that the Court dismisses this civil action, the Court discerns no good-faith basis for an appeal. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Any appeal from this order of would not be taken in good faith and would be frivolous. If Plaintiff Percival takes an appeal from this order to the Court of Appeals for the Sixth Circuit, he shall be required to pay the entire $455.00 appellate filing fee in one lump sum because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

SO ORDERED.

Dated: November 17, 2010.

                                         */s/ R. Allan Edgar*
                                         R. ALLAN EDGAR
                                 UNITED STATES DISTRICT JUDGE